PS 8 Revised 07
MD/TN Revised 10/10

☐ Interpreter Required

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. __Jessica Marie Parker__    Docket No. __3:12-00013-08__

## Petition for Action on Conditions of Pretrial Release

COMES NOW __Burton Putman, Supervisory__, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant __Jessica Marie Parker__ who was placed under pretrial release supervision by the Honorable John S. Bryant, U. S. Magistrate Judge sitting in the Court at __Nashville, Tennessee__, on __December 21, 2011__, under the following conditions: Please reference the attached Order Setting Conditions of Release

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document

I declare under penalty of perjury that the foregoing is true and correct.

| Burton Putman, Supervisory U.S. Pretrial Services Officer | Nashville, TN Place: | August 21, 2012 Date: |
|---|---|---|

**Next Scheduled Court Event**    Bond Revocation    September 24, 2012
                                  Event                Date

## PETITIONING THE COURT

☐ No Action
☐ To Issue a Warrant
☐ To issue an order setting a hearing on the petition
☒ Other  To supersede the superseding petition dated 8/15/2012 to include Violation No. 9

THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant.
  ☐ Sealed Pending Warrant Execution
  (cc: U.S. Probation and U.S. Marshals only)
☒ Other This petition shall supersede the superseding petition dated 8-15-12.

☒ A Hearing on the Petition is set for

September 24, 2012    11:30 a.m.
Date                   Time

Considered and ordered this __21st__ day of __August__, __2012__, and ordered filed and made a part of the records in the above case.

_John Bryant_
Honorable John S. Bryant
U.S. Magistrate Judge

Honorable John S. Bryant
U.S. Magistrate Judge
Second Superseding Petition for Action on
Parker, Jessica
Case No. 3:12-00013-08
August 21, 2012

On December 21, 2011, the defendant, Jessica Marie Parker, was released by Your Honor to pretrial services supervision. Defendant Parker resides in the Western District of Tennessee and is supervised by the U.S. Pretrial Services Office in Jackson, Tennessee.

**Special Conditions of Pretrial Release:**

Please reference the attached Order Setting Conditions of Release.

On May 15, 2012, the initial Petition for Action was submitted to the Court reporting Violation Nos. 1-2 as included below. Pretrial Services recommended that no official Court action be taken *at that time.* The Court concurred and on May 16, 2012, took no formal action.

On August 13, 2012, a Petition for Action was submitted to the Court reporting Violation Nos. 1-6 as included below. Pretrial Services recommended that a hearing be set before the Court so the defendant could answer why her bond and pretrial supervision should not be revoked. On August 14, 2012, the Court signed the petition and set the matter for hearing on August 21, 2012, at 1:30 p.m.

Pretrial Services then learned of two additional violations committed by the defendant. They were reported in a Superseding Petition submitted to the Court on August 15, 2012. They are included as Violation Nos. 7-8 below.

**Later on August 15, 2012, Your Honor signed the Superseding Petition and ordered that Violation Nos. 7-8 would be considered at the hearing already scheduled for August 21, 2012.**

**The defendant appeared with court-appointed counsel, CJA Panel Attorney Deanna Johnson, before the Court on August 21, 2012. Assistant U.S. Attorney Phil Wehby announced that all parties had agreed to ask that the hearing be postponed for thirty days to allow the defendant the opportunity to attend her substance abuse intake and assessment appointment already scheduled for August 31, 2012. The Court concurred and rescheduled the matter for September 24, 2012, at 11:30 a.m. Prior to adjournment, AUSA Wehby advised the Court that the defendant would be drug tested by Pretrial Services immediately following the hearing.**

**As a result of that drug testing, Pretrial Services has prepared this Second Superseding Petition reporting Violation No. 9 as included below. Pretrial Services requests that Violation No. 9 also be considered at the hearing scheduled for September 24, 2012.**

2

Honorable John S. Bryant
U.S. Magistrate Judge
Second Superseding Petition for Action on
Parker, Jessica
Case No. 3:12-00013-08
August 21, 2012

## VIOLATIONS:

**Violation No. 1: Failure to report to U. S. Pretrial Services as directed:**

According to the Supervising U. S. Pretrial Services Officer in Jackson, Tennessee, the defendant failed to report as directed for the months of January 2012, March 2012, and April 2012. She did report as directed on May 2, 2012.

**Violation No. 2: Failure to refrain from the use of controlled substances:**

Also according to the Supervising U. S. Pretrial Services Officer in Jackson, Tennessee, the defendant tested positive for marijuana and methamphetamine on May 2, 2012.

**Violation No. 3: Failure to report to U. S. Pretrial Services as directed:**

According to the pretrial services officer in the Western District of Tennessee, the defendant failed to report to the U.S. Pretrial Services Office as directed in both June 2012, and August 2012. She has now failed to report as instructed during five of the last seven months of pretrial supervision.

**Violation No. 4 :Failure to refrain from the use of controlled substances:**

According to the U.S. Pretrial Services Office in Jackson, Tennessee, the defendant submitted a urine specimen on July 18, 2012, which tested presumptive positive for both marijuana and amphetamine. The defendant reportedly denied she had used any illegal drugs since June 2012, when she last smoked marijuana. The specimen was forwarded to the contract drug testing lab for confirmation. The lab report indicated the quantity of urine was insufficient for confirmation.

**Violation No. 5: Failure to participate in substance abuse counseling as directed by Pretrial Services:**

According to the U.S. Pretrial Services Office in the Western District of Tennessee, the defendant was scheduled for her substance abuse intake/assessment appointment on August 10, 2012, at Quinco Mental Health Center. According to Quinco staff, the defendant called and rescheduled the appointment for August 31, 2012. The rescheduling of this appointment was without the knowledge or consent of the referring pretrial services officer.

Honorable John S. Bryant
U.S. Magistrate Judge
Second Superseding Petition for Action on
Parker, Jessica
Case No. 3:12-00013-08
August 21, 2012

### Violation No. 6: Failure to submit to drug testing as required by Pretrial Services:

According to the pretrial services officer in Jackson, Tennessee, the defendant was instructed on August 3, 2012, to report to the U.S. Pretrial Services Office for drug testing on August 7, 2012. The defendant advised the pretrial services officer that she had no money for gasoline and would not get paid until August 9, 2012. However, the defendant reportedly stated she would try and borrow money for gasoline to get to the pretrial services office on August 7, 2012. She was advised to contact her pretrial services officer if she was unable to keep the appointment. The defendant failed to report to the pretrial services office on August 7, 2012, and she failed to call. The pretrial services officer attempted to contact the defendant by telephone on August 8, 2012, regarding her failure to report, but could not reach her or leave a message on either the defendant's residential or cellular lines. On August 9, 2012, Ms. Parker left a message at 6:04 a.m. for the pretrial services officer indicating she would report to the pretrial services office later that day. However, she again failed to report or call. On August 10, 2012, the pretrial services officer was again unsuccessful when she tried to contact the defendant by telephone.

### Violation No. 7: Failure to refrain from violating any federal, state, or local law:

The defendant was cited on July 21, 2012, in Benton County, Tennessee, for Driving While License Suspended and Violation of the Financial Responsibility Law. The defendant advised the pretrial services officer of these charges on August 14, 2012. The defendant's initial court appearance is scheduled for later today, August 15, 2012.

### Violation No. 8: Failure to report law enforcement contact to Pretrial Services within 48 hours:

As stated above, the defendant did not report her law enforcement contact in Benton County, Tennessee, on July 21, 2012, to her federal pretrial services officer until August 14, 2012.

### NEW VIOLATION:

### Violation No. 9: Failure to refrain from the use of controlled substances:

**Subsequent to the hearing held before Your Honor earlier today, August 21, 2012, the defendant was drug tested by Pretrial Services. The defendant tested positive for methamphetamine. After initially denying any recent illegal drug use, the defendant admitted that she used methamphetamine within the last 72 hours.**

4

Honorable John S. Bryant
U.S. Magistrate Judge
Second Superseding Petition for Action on
Parker, Jessica
Case No. 3:12-00013-08
August 21, 2012

**Current Status of Case:**

According to PACER, this case is set for a pretrial status conference before the Honorable Todd J. Campbell, U. S. District Judge, on November 5, 2012. **Additionally, the defendant is scheduled to appear before Your Honor for a continuation of the Bond Revocation Hearing on September 24, 2012.**

**Probation Officer Action:**

The defendant obviously continues to struggle with her drug addiction. In response, she has been referred by U.S. Pretrial Services to a contract treatment provider for intake, assessment, and any recommended follow up counseling services. However, the defendant recently had the assessment postponed for three weeks without informing the U.S. Pretrial Services Office. Additionally, the defendant has been repeatedly reprimanded for failing to report to Pretrial Services as directed. This level of sanction has apparently not worked with this defendant. As stated above, she has failed to report as directed during five of the past seven months of pretrial supervision. Finally, the defendant has admitted smoking marijuana as recently as June 2012 and appears to have also used some form of amphetamine during mid-July 2012.

**As stated above, the defendant tested positive for methamphetamine immediately after leaving Your Honor's courtroom earlier today, August 21, 2012. She also admitted using the drug within the last 72 hours. The defendant pledged her intention to attend her substance abuse intake and assessment appointment scheduled for August 31, 2012, at Quinco in the Western District of Tennessee. Pretrial Services took the opportunity to advise the defendant that treatment will only work if she makes an immediate commitment to not use illegal drugs of any kind from this point forward. She also understands that she will continue to be drug tested in the Western District of Tennessee between now and the date of her hearing before the Court.**

Pretrial Services does not believe the defendant is amenable to continued supervision.

**Respectfully Petitioning the Court as Follows:**

**It is respectfully requested that the Court order that the Superseding Petition for Action dated August 15, 2012, be superseded to include Violation No. 9 as reported in this writing.**

Honorable John S. Bryant
U.S. Magistrate Judge
Second Superseding Petition for Action on
Parker, Jessica
Case No. 3:12-00013-08
August 21, 2012

Submitted by:

_____
W. Burton Putman
Supervisory U.S. Probation Officer


Reviewed and approved by:

_____
Jim Perdue
Deputy Chief U.S. Probation Officer


xc:  Phil Wehby, Assistant U.S. Attorney
     Deanna Johnson, CJA Panel Attorney

# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 11-4093 JSB (8) |
| Jessica M. Parker | ) |
| *Defendant* | ) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed

The defendant must appear at *(if blank, to be notified)* ___to be notified___
*Place*

on _____
*Date and Time*

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

( ✔ ) (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.

( X ) (6) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of
Twenty Five Thousand                                                       dollars ($ 25,000.00         )
in the event of a failure to appear as required or surrender to serve any sentence imposed.



DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL    SERVICES    U.S. ATTORNEY    U.S. MARSHAL
Case 3:12-cr-00013   Document 200   Filed 08/14/12   Page 5 of 9 PageID #: 484
Case 3:12-cr-00013   Document 201   Filed 08/16/12   Page 6 of 10 PageID #: 494

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) (7) The defendant is placed in the custody of:

Person or organization _____
Address *(only if above is an organization)* _____
City and state _____ Tel. No. *(only if above is an organization)* _____

who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____
*Custodian or Proxy*                *Date*

( X ) (8) The defendant must:

( X ) (a) report to the Pretrial Services Office as directed,
telephone number (615) 736-5771, no later than _____.

( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:

( ) (c) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum

( ) (d) execute a bail bond with solvent sureties in the amount of $ _____.

( X ) (e) maintain or actively seek employment.

( ) (f) maintain or commence an education program.

( ) (g) surrender any passport to: _____

( ) (h) obtain no passport.

( X ) (i) abide by the following restrictions on personal association, place of abode, or travel: Travel is restricted to the Middle and Western Districts of Tennessee, unless approved in advance by Pretrial Services.

( X ) (j) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: *the codefendants*.

( ) (k) undergo medical or psychiatric treatment or remain in an institution as follows: _____

( ) (l) return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s): _____

( ) (m) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

( X ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.

( ) (o) refrain from ( ) any ( ) excessive use of alcohol.

( X ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( X ) (q) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.

( X ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable, with any inpatient to be followed by 90 days in a halfway house.

( ) (s) participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.
( ) (i) Curfew. You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
( ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer; or
( ) (iii) Home Incarceration. You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.

( ) (t) submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the pretrial services officer or supervising officer related to the proper operation of the technology.

( ) The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer determines.

( ) (i) Location monitoring technology as directed by the pretrial services office or supervising officer;
( ) (ii) Radio Frequency (RF) monitoring;
( ) (iii) Passive Global Positioning Satellite (GPS) monitoring;
( ) (iv) Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);
( ) (v) Voice Recognition monitoring.

( X ) (u) report as soon as possible, and within 48 hours, to the supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

( X ) (v) Defendant shall permit a pretrial services officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the officer.

(X) (w) Defendant shall be required to reside at 847 Timothy Drive, Camden, Tennessee, with Alma Walker and shall not move unless pre-approved by Pretrial Services.

Case 3:12-cr-00013  Document 200  Filed 08/14/12  Page 6 of 9 PageID #: 485

Case 3:12-cr-00013  Document 201  Filed 08/16/12  Page 7 of 10 PageID #: 495

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

*Jessica M. Parks*
*Defendant's Signature*

*Camden, TN*
*City and State*

### Directions to the United States Marshal

( X ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date:   December 21, 2011

*John Bryant*
*Judicial Officer's Signature*

JOHN S. BRYANT, U.S. MAGISTRATE JUDGE
*Printed name and title*

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

Case 3:12-cr-00013   Document 200   Filed 08/14/12   Page 7 of 9 PageID #: 486
Case 3:12-cr-00013   Document 201   Filed 08/16/12   Page 8 of 10 PageID #: 496

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | |
|---|---|
| United States of America<br>v.<br>JESSICA M. PARKER<br>*Defendant* | )<br>)<br>) Case No. 11- 4093 JSB (8)<br>)<br>) |

### DEFENDANT'S APPEARANCE BOND

To obtain the defendant's release, we jointly and severally agree to forfeit the following cash or other property to the United States of America if this defendant fails to appear as required for any court proceeding or for the service of any sentence imposed as may be noticed or ordered by any court, or fails to comply with any conditions of release set by the court considering this matter *(describe the cash or other property and any claim, lien, mortgage, or other encumbrance on it)*:

TWENTY-FIVE THOUSAND DOLLARS ($25,000.⁰⁰) unsecured

*Ownership.* We declare under penalty of perjury that we are the sole owners of this property and that it is not subject to any claim, lien, mortgage, or other encumbrance except as disclosed above. We promise not to sell, mortgage, or otherwise encumber the property, or do anything to reduce its value while this agreement is in effect. We deposit with the court the following ownership documents, including any encumbrance documents *(list all documents and submit as attachments)*:

*Surety Information.* We understand that the court and the United States of America will rely on the surety information in approving this agreement.

*Conditions of Release.* We state that we have either read all court-ordered conditions of release imposed on the defendant or had them explained to us.

*Continuing Agreement.* Unless the court orders otherwise, this agreement remains in effect during any appeal or other review until the defendant has satisfied all court notices, orders, and conditions.

*Exoneration of sureties.* This agreement is satisfied and ends if the defendant is exonerated on all charges or, if convicted, the defendant reports to serve any sentence imposed.

*Forfeiture.* If the defendant fails to obey all conditions of release, court notices, and orders to appear, the court will immediately order the property forfeited and on motion of the United States of America may order a judgment of forfeiture against the signing parties and their representatives, jointly and severally, including interest and costs.

I swear under penalty of perjury that the above information is true and agree to the conditions of this agreement.

Date: 12-21-11

City and state: Camden, TN

_Jesseca M. Parker_
*Defendant's signature*

_____
*Property owner's printed name*

_____
*Property owner's signature*

_____
*Property owner's printed name*

_____
*Property owner's signature*

_____
*Property owner's printed name*

_____
*Property owner's signature*

Sworn and signed before me.

CLERK OF COURT

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

Approved.

Date: December 21, 2011

_John Bryant, USMJ_
*Judge's signature*